## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PRESS APPLICATION FOR ACCESS TO THE GOVERNMENT'S MOTION FOR IMMUNITY DETERMINATIONS IN CASE NO. 23-CR-257, UNITED STATES OF AMERICA V. DONALD J. TRUMP | Case No. 1:24-cv-122-TSC |

## PRESS OPPOSITION TO TRUMP'S MOTION TO CONTINUE STAY OF ORDER UNSEALING THE GOVERNMENT'S IMMUNITY APPENDIX

Pursuant to LCrR 57.6, the Press Coalition[1] opposes former President Trump's motion (ECF 264, *U.S. v. Trump*) to extend by four weeks the stay of this Court's October 10, 2024 Order (ECF 260, *id.*), which is set to expire today.  In that Order, the Court granted public access to a redacted version of the Appendix to the government's Motion for Immunity Determinations (the "Immunity Appendix"), but stayed release for seven days "so that [Trump] can 'evaluate litigation options.'"  ECF 260 at 2.  Trump now asks the Court to *quadruple* the length of that stay, until November 14, 2024, further delaying public access to one of the most consequential judicial records in one of the most closely watched criminal cases in our nation's history.

Because this Court has held that its decision to release the Immunity Appendix with redactions "partially granted the relief" that the Press Coalition sought in this action, *see* Order (ECF 3), the Press Coalition now opposes Trump's unjustified request to further delay public access.  For the following four reasons, the Court should deny Trump's motion and release the government's redacted version of the Immunity Appendix today.

---

[1] The Press Coalition includes Advance Publications, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Bloomberg L.P., Cable News Network, Inc., CBS Broadcasting, Inc. o/b/o CBS News, Gannett Co., Inc., Los Angeles Times Communications LLC, National Public Radio, Inc., NBCUniversal News Group, a division of NBCUniversal Media, LLC, The New York Times Company, News/Media Alliance, NOTUS (Allbritton Journalism Institute), POLITICO LLC, Pro Publica, Inc., Radio Television Digital News Association, Reuters News & Media Inc., Society of Professional Journalists, TEGNA Inc., Univision Networks & Studios, Inc., and WP Company LLC d/b/a The Washington Post.

**First**, this Court has already determined that releasing the government's proposed redacted version of the Immunity Appendix is "consistent with . . . the First Amendment right[] of access to judicial proceedings."  Order, ECF 3.[2]

**Second**, the First Amendment right of access is a right of "*contemporaneous* access," which facilitates "the public's role as overseer of the criminal justice process."  *Washington Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991) (emphasis added); *see also, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) ("Our public access cases and those in other circuits emphasize the importance of immediate access where a right to access is found.") (collecting cases).

**Third**, because the First Amendment right of access is contemporaneous, delaying access to court records infringes on that right.  *See, e.g.*, *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994) ("To delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression.").  And "any First Amendment infringement that occurs with each passing day is irreparable." *Nebraska Press Ass'n v. Stuart*, 423 U.S. 1327, 1329 (1975) (Blackmun, J., in chambers).

**Fourth**, all of the arguments that Trump makes for delaying release of the Immunity Appendix have already been rejected.  Trump asserts that permitting release of the Immunity Appendix may taint potential jurors, *see* Motion at 3, but "voir dire has long been recognized as an effective method of rooting out such bias."  *In re NBC, Inc.*, 653 F.2d 609, 617 (D.C. Cir. 1981).  Trump also claims that "limiting the public's access" to the Immunity Appendix would *help* the public "understand" this case, *see* Motion at 4, but that flips the First Amendment on its

---

[2] The Press Coalition expressly reserves the right to appeal the October 11, 2024 Order on the grounds that the First Amendment requires *more* access to the Immunity Motion and Immunity Appendix than is provided by the government's redacted versions.

head.  *See, e.g.*, *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 770 (1976) ("It is precisely this kind of choice, between the dangers of suppressing information, and the dangers of its misuse if it is freely available, that the First Amendment makes for us.").  Finally, Trump claims that restricting public access to the Immunity Appendix "would promote public confidence in the integrity of these proceedings," *see* Motion at 6, but a central proposition of the First Amendment right of access it that openness – not secrecy – "enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 508 (1984).

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court deny Trump's motion to continue staying the October 10, 2024 Order and unseal the government's proposed redacted version of the Immunity Appendix today.

Dated:  October 17, 2024

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Chad R. Bowman*
Chad R. Bowman (#484150)
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren P. Russell (#1697195)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
bowmanchad@ballardspahr.com
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballardspahr.com

*Counsel for the Press Coalition*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 17th day of October, 2024, I caused true and correct copies of

the foregoing to be served via electronic mail and U.S. Mail on the following:

John Pellettieri
Erin Pulice
U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Room B-206
Washington, DC 20530

*Counsel for the United States*


John F. Lauro
Gregory M. Singer
LAURO & SINGER
400 N. Tampa Street, 15th Floor
Tampa, FL 33602

Todd Blanche
Emil Bove
BLANCHE LAW PLLC
99 Wall Street, Suite 4460
New York, NY 10005

*Counsel for Defendant* (via email only, by consent)


<u>/s/ *Chad R. Bowman*</u>
Chad R. Bowman
